■ ANN GROSS, Respondent, v. BERTRAM GROSS, Appellant.— In an action by a wife for a separation, her husband appeals from so much of an order as (1) directs him to pay $500 a week for the support and maintenance of herself and two infant children, the issue of the marriage, *pendente lite,* (2) directs him to pay a counsel fee of $3,500 without prejudice to an application for additional fees, (3) directs him to pay income tax, if any, imposed on the wife as a consequence of the payments made for the support and maintenance, and (4) appoints a private referee to take depositions of various corporations and individuals relating to his financial resources and income pursuant to rule 120 of the Rules of Civil Practice. Order modified (1) by striking from the last ordering paragraph (a) the words and figure "pursuant to Rule 120 of the Rules of Civil Practice, Austin·G. Cocuzza be and he hereby is appointed" and by substituting therefor the words "the Hon. Frank F. Adel be and he hereby is appointed Special", and (b) the words "such time and place as said referee may direct" and by substituting therefor the words "the same time and place and simultaneously with the examination before trial of the defendant now scheduled to be held before said Special Referee", and (2) by adding to said last ordering paragraph the words "Upon the Special Referee's report as to the extent and nature of the defendant's present financial standing the defendant may make an application at Special Term for reconsideration of the provisions of this order directing support and maintenance, and counsel fee, if he be so advised." As so modified, order affirmed, without costs. In our opinion, there was no warrant to appoint a private referee to take the depositions mentioned in view of the fact that upon the rendering of the decision hereon there no longer was a motion pending before the Special Term, in which circumstance alone could the rule be invoked. For that reason, the appointment of the private referee pursuant to rule 120 is to be eliminated from the order. However, in view of the sharp conflict raised over appellant's earnings and assets, it was within the sound discretion of the Special Term to allow the examination of the corporations and individuals--in order to ascertain the facts in issue (cf. *Kirshner* v. *Kirshner,* 7 A D 2d 202). In the interests of justice, the provision for such examinations is amended so that they proceed simultaneously with the examination before trial of appellant now scheduled to be held before the Hon. FRANK F. ADEL, former Official Referee designated as Special Referee, so that a complete disposition may be had of the extent and

nature of appellant's present financial standing. For the same reason, upon the coming in of the Special Referee's report, appellant may move at Special Term for reconsideration of the alimony *pendente lite* and counsel fees granted by the order under review, if he be so advised. It is our opinion that, by pressing forward for an early completion of the pretrial procedures and for a speedy trial, appellant will obtain the best protection available for him if, as he claims, his financial circumstances have been unduly exaggerated (cf. *Goldberg* v. *Goldberg*, 4 A D 2d 884; *Kaplan* v. *Kaplan*, 5 A D 2d 676). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.